1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## EASTERN DISTRICT OF CALIFORNIA

10

DERRICK DEWAYNE FISHER,

              Petitioner,

   v.

A.P. KANE,

              Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

1:05cv0138 AWI DLB HC

FINDINGS AND RECOMMENDATION
REGARDING AMENDED PETITION FOR
WRIT OF HABEAS CORPUS

(Document 12)

     Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## PROCEDURAL HISTORY[1]

     On October 30, 2001, in the Tulare County Superior Court, a jury convicted Petitioner of assault by means likely to cause great bodily injury, in violation of California Penal Code section 243(d).  In a bifurcated court trial, Petitioner was found to have a prior strike conviction and two prior prison terms.  He was sentenced to a total term of 10 years imprisonment.

     Petitioner's conviction and sentence were upheld by the Fifth District Court of Appeal on February 11, 2003.

---

[1] This information is derived from Petitioner's amended petition for writ of habeas corpus and Respondent's answer to the petition.

1    Petitioner filed a petition for review in the California Supreme Court on March 14, 2003.

2  The petition was denied on April 16, 2003.

3    On October 23, 2003, Petitioner filed a petition for writ of habeas corpus in the Tulare

4  County Superior Court.  The petition was denied on October 28, 2003.

5    Petitioner next filed two petitions for writ of habeas corpus in the Fifth District Court of

6  Appeal.  The petitions were denied on December 4, 2003, and January 22, 2004.

7    On February 2, 2004, Petitioner filed a petition for writ of habeas corpus in the California

8  Supreme Court.  The petition was denied on December 1, 2004.

9    Petitioner filed the instant petition on January 21, 2005.  On March 23, 2005, pursuant to

10  Court order, Petitioner filed an amended petition.  He alleges the following grounds for relief: (1)

11  ineffective assistance of counsel based on counsel's failure to motion the court to have his prior

12  1988 robbery conviction stricken; (2) denial of due process and equal protection based on

13  insufficient evidence to prove he was the subject of documentary evidence; (3) ineffective

14  assistance of counsel based on counsel's advice to admit the 1988 robbery conviction; (4) trial

15  court error based on court's failure to confirm waiver of rights in connection with 1990 and 1994

16  priors; (5) trial court error based on the court allowing the prosecution to add a 1994 possession

17  charge to the information after the jury was discharged; (6) trial court error based on allowing the

18  testimony of Sandra Fisher as evidence of 1988 robbery conviction; and (7) trial court error based

19  on admission of documentary evidence without foundation to prove prior conviction.

20                    STATEMENT OF FACTS[2]

21  **Facts Giving Rise to the Current Charge**

22    At the time of the trial, Petitioner had lived with Sandra Fisher (Sandra) for 16 years and

23  they had been married for five years.  Together, they had four children.  Sandra had three

24  children by a prior relationship.  Andrea Porter, the eldest of Petitioner's stepchildren, was 21

25  years old at the time of the events giving rise to the charges against Petitioner.  Porter was the

26  owner of record of a Lincoln Continental, which had been purchased by Porter's mother, Sandra.

27

28

[2] This statement of facts is taken from the February 11, 2003, opinion of the Fifth District Court of Appeal.

2

1   Apparently, Porter's name was on the pink slip because Sandra did not have a driver's license

2   and was not insurable.

3       On the evening of July 2, 2001, Petitioner took the keys to the Lincoln from Sandra's

4   purse while she was asleep.  When Porter discovered the car was gone, she got in another car and

5   drove around Tulare in an unsuccessful effort to locate the Lincoln.  The following morning,

6   Porter located the Lincoln near a city park.  Petitioner was standing near the car talking to

7   someone Porter identified as her "auntie."  Porter confronted Petitioner and demanded he return

8   the keys to the car.  Petitioner got in the car and started driving off.  Porter leaned in the window

9   and tried to extract the keys from the ignition.  Porter testified that Petitioner was hitting her in

10  the arm and she tried to bite him.  Eventually, Petitioner drove off in the Lincoln and Porter went

11  home and called the police.  About the time the police officer responded to the call, Petitioner

12  drove up to the house in the Lincoln.

13      After some discussion between the officer, Petitioner, Porter and Sandra, it was decided

14  Sandra would drive Petitioner to the bus station where he would leave.  Porter decided she would

15  follow in a different car.  On the way to the bus station, the cars stopped at a gas station and

16  convenience store.  Porter testified that while they were at the gas station, Petitioner got out of

17  the car in which he was riding and confronted Porter.  After some angry words, Porter testified

18  that Petitioner hit her in the face.  Sandra testified that once Porter was knocked to the ground,

19  Petitioner got on top of her and continued hitting her in the face and head.  Porter testified her

20  eye was swollen shut from the beating and she suffered lacerations that required stitches to close.

21  The gas station attendant witnesses the altercation and called the police.

22      The defense portrayed Porter as a violent, knife-wielding young woman who was given to

23  confrontation and was often out of control.  Petitioner testified Porter was angry all the time and

24  always carried a knife.  He described three occasions where she had confronted him while armed

25  with a knife.  He stated that Porter had hit him on the face during the incident in the car by the

26  park.  He also testified that Porter got in his face at the gas station and hit him in the face first.

27  Petitioner testified that his actions at the gas station were basically acts of self-defense.

28

**Facts Pertaining to 1988 Robbery Conviction**

In 1988, Petitioner pled guilty to charges of second degree robbery and unlawfully taking a vehicle.  He entered his guilty plea at the time of his arraignment after refusing assistance of counsel.  The record indicates, and Petitioner generally concedes, that the trial court in the 1988 proceedings adequately advised him of his constitutional rights to representation by counsel as well as other rights as enumerated in and required by In re Tahl (1969) 1 Cal.3d 122, 81 Cal.Rptr. 577, 460 P.2d 499 [footnote omitted], and obtained an explicit waiver of those rights.  The trial court in that proceeding did not specifically inquire into Petitioner's then-current mental status.

During the priors phase of the trial on November 1, 2001, an abstract of judgment was introduced that showed that Petitioner suffered a conviction for second degree robbery in 1988. Petitioner objected to the admission of the abstract of judgment and noticed his intent to challenge the 1988 conviction on the grounds of alleged failure of the trial court to conduct an adequate hearing during that proceeding pursuant to Faretta v. California (1975) 422 U.S. 806, 835, 45 L.Ed.2d 562, 95 S.Ct. 2525 (Faretta).  Specifically, Petitioner contended that the trial court failed to make an adequate inquiry into his mental capacity to waive his right to assistance of counsel.

During the hearing on the motion to strike the allegation of the strike prior on November 8, 2001, Petitioner testified that, at the time he entered his plea of guilty in 1988, he was undergoing withdrawal from cocaine and PCP.  Petitioner stated that he pled guilty at the time of the arraignment in the hope and belief that he would be released so he could acquire more drugs. Petitioner testified that he did not understand the role of the district attorney and did not comprehend the role of a defense attorney whose assistance he refused.  Petitioner also testified that he had been committed to a mental institution at some time prior to his conviction and had been released from treatment in the year prior to his conviction.

The trial court reviewed the transcript of the 1988 conviction and noted that Petitioner was thoroughly apprised of his rights to an attorney and to a jury trial.  The court also noted that in the 13 years since the conviction, there had never been an appeal of the judgment or a petition

4

1   for writ of habeas corpus.  At the sentencing hearing on December 12, 2001, the trial court also

2   declined to exercise its discretion under <u>Romero</u> to strike the allegation of the prior strike.

3                                            DISCUSSION

4   A.    <u>Jurisdiction</u>

5          Relief by way of a petition for writ of habeas corpus extends to a person in custody

6   pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws

7   or treaties of the United States.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); <u>Williams v. Taylor</u>,

8   529 U.S. 362, 375, 120 S.Ct. 1495, 1504, n.7 (2000).  Petitioner asserts that he suffered

9   violations of his rights as guaranteed by the U.S. Constitution.  The challenged conviction arises

10  out of the Tulare County Superior Court, which is located within the jurisdiction of this Court.

11  28 U.S.C. § 2254(a); 2241(d).

12         On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

13  of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its

14  enactment.  <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S.

15  1008, 118 S.Ct. 586 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting

16  <u>Drinkard v. Johnson</u>, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct.

17  1114 (1997), *overruled on other grounds by* <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059

18  (1997) (holding AEDPA only applicable to cases filed after statute's enactment).  The instant

19  petition was filed after the enactment of the AEDPA and is therefore governed by its provisions.

20  B.    <u>Standard of Review</u>

21         This Court may entertain a petition for writ of habeas corpus "in behalf of a person in

22  custody pursuant to the judgment of a State court only on the ground that he is in custody in

23  violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

24         The AEDPA altered the standard of review that a federal habeas court must apply with

25  respect to a state prisoner's claim that was adjudicated on the merits in state court.  <u>Williams v.</u>

26  <u>Taylor</u>, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus

27  will not be granted unless the adjudication of the claim "resulted in a decision that was contrary

28  to, or involved an unreasonable application of, clearly established Federal law, as determined by

                                                 5

1  the Supreme Court of the United States;" or "resulted in a decision that was based on an

2  unreasonable determination of the facts in light of the evidence presented in the State Court

3  proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade,123 S.Ct.1166 (2003) (disapproving of

4  the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v.

5  Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply

6  because that court concludes in its independent judgment that the relevant state-court decision

7  applied clearly established federal law erroneously or incorrectly." Lockyer, at 1175 (citations

8  omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

9       While habeas corpus relief is an important instrument to assure that individuals are

10  constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392

11  (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a

12  criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v.

13  Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's

14  factual determinations must be presumed correct, and the federal court must accept all factual

15  findings made by the state court unless the petitioner can rebut "the presumption of correctness

16  by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115

17  S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day,

18  110 F.3d 1380, 1388 (9th Cir. 1997).

19  C.   Ineffective Assistance of Counsel

20       Plaintiff argues that his trial counsel was ineffective for failing to motion the court to

21  have his 1988 robbery conviction for lack of sufficient evidence. He contends that the evidence

22  of identity was insufficient to prove he actually committed the prior because there was no

23  evidence, such as photographs or fingerprints, to establish that Petitioner was the Derrick

24  Dewayne Fisher that was the subject of the documentary evidence.[3]

25

26      [3] To prove that Petitioner was convicted in 1988 of second degree robbery and unlawful taking of a vehicle, the prosecution presented the following evidence: (1) a copy of the Reporter's Transcript from the Municipal Court

27  of Kern County, case no. 47666; (2) a copy of an abstract of judgment dated August 1, 1989, which reflects that on February 25, 1988, in case no. 35590, Derrick Dewayne Fisher, in propria persona, pled guilty to one count of

28  second degree robbery and unlawful taking of a vehicle; and (3) a Kern County Superior Court minute order dated February 25, 1988.  RT 416-417; CT 191-208.

1    Ineffective assistance of counsel is based on the Sixth Amendment right to counsel,

2  which exists "in order to protect the fundamental right to a fair trial." Strickland v. Washington,

3  466 U.S. 668, 684 (1984). A claim for ineffective assistance must meet the two-part test

4  advanced by the Strickland court. First, petitioner must show that counsel "made errors so

5  serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth

6  Amendment.  Second, [petitioner] must show that the deficient performance prejudiced the

7  defense. Id. at 687.  This two-part standard also applies to challenges to guilty pleas based in

8  ineffective assistance of counsel.  In the context of a guilty plea, a petitioner must show that (1)

9  his counsel failed to provide reasonable competent advice, and that (2) there is a reasonable

10  probability that, but for counsel's errors, he would not have pleaded guilty and would have

11  insisted on going to trial.  Hill v. Lockhart, 474 U.S. 52, 58-59 (1985).

12    As Petitioner points out in his argument, counsel argued at the hearing on the prior

13  conviction that there was insufficient evidence to prove that Petitioner was charged and

14  ultimately convicted of the offense. RT 432-433.  Counsel also argued that Plaintiff was

15  unrepresented during the 1988 hearing and did not knowingly waive his rights. RT 432.  The

16  court gave the parties a week to present evidence and argument on the issue of whether the prior

17  convictions were true.  RT 433.

18    When the proceedings continued, Petitioner took the stand and admitted that in 1988, he

19  pled guilty to robbery and grand theft auto.  RT 436-437.  He further testified that he was not

20  represented by counsel and that he wasn't "in the right frame of mind" when he pled guilty

21  because he was high on PCP and crack at the time of his plea and believed that he would be

22  released if he pled guilty.  RT 437-438.  Pursuant to People v. Superior Court (Romero), 13

23  Cal.4th 497 (1996), Petitioner's counsel made a motion to strike the prior on the ground that it

24  would be in the interests of justice given that Petitioner did not have an attorney and testified that

25  he was high at the time of his plea.  RT 447.  The court denied the motion, having determined

26

27    The prosecution also presented the evidence of Sandra Fisher, Petitioner's wife.  RT 417-429.  She testified

28  that she attended the trial and visited Petitioner in prison in 1988 and discussed the robbery.  RT 419-420.  She
  further testified that Petitioner told her he was going to prison because "they had robbed Tommy's Liquor in
  Bakersfield and tried to steal a car."  RT 420.

1    that there was no deprivation of constitutional rights.[4]  RT 448.  The court further determined

2    that the evidence showed beyond a reasonable doubt that Petitioner suffered the 1988 strike

3    conviction for robbery.  RT 449.

4         Counsel chose to move forward with the argument that the 1988 plea was invalid and in

5    denying this argument, the court found that the evidence was sufficient to establish that Petitioner

6    suffered the 1988 prior.  Indirectly, then, counsel made this argument and it was rejected.  In any

7    event, given the trial court's finding of sufficient evidence, and especially Petitioner's admission,

8    it would have been fruitless for counsel to explicitly move to strike the prior based on sufficiency

9    of the evidence.  Counsel's failure to raise meritless legal argument does not constitute

10   ineffective assistance of counsel.  See Shah v. United States, 878 F.2d 1156, 1162 (9th Cir. 1989).

11   The state courts' denial of this claim was neither contrary to, or an unreasonable application of,

12   clearly established Supreme Court precedent.

13   D.   Sufficiency of the Evidence

14        In a related argument, Petitioner contends that there was insufficient evidence to prove,

15   beyond a reasonable doubt, that he was the subject of the documentary evidence submitted to

16   establish his 1988 robbery conviction.  As a result, Petitioner submits that this Court must strike

17   the four additional years that was added to his sentence on the basis of the 1988 conviction.

18        The law on insufficiency of the evidence claim is clearly established.  The United States

19   Supreme Court has held that when reviewing an insufficiency of the evidence claim on habeas, a

20   federal court must determine whether, viewing the evidence and the inferences to be drawn from

21   it in the light most favorable to the prosecution, any rational trier of fact could find the essential

22   elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319 (1979).

23   Sufficiency claims are judged by the elements defined by state law.  Id. at 324, n.16.

24        As previously set forth, the prosecution submitted the following evidence in support of

25   Petitioner's 1988 robbery conviction:  (1) a copy of the Reporter's Transcript from the Municipal

26

27        [4] The trial court found that the judge "thoroughly went through Mr. Fisher's Boykin-Tahl rights" and that
28   Petitioner made a knowing and voluntary waiver of those rights.  RT 448.  The court further explained that the judge
     asked more than once if Petitioner wanted an attorney and Petitioner declined.  RT 448.  Petitioner did not request an
     attorney after the plea nor did he appeal the judgment or sentence.  RT 448-449.

1  Court of Kern County, case no. 47666; (2) a copy of an abstract of judgment dated August 1,

2  1989, which reflects that on February 25, 1988, in case no. 35590, Derrick Dewayne Fisher, in

3  propria persona, pled guilty to one count of second degree robbery and unlawful taking of a

4  vehicle; and (3) a Kern County Superior Court minute order dated February 25, 1988.  RT 416-

5  417; CT 191-208.  The prosecution also presented the evidence of Sandra Fisher, Petitioner's

6  wife.  RT 417-429.  She testified that she attended the trial and visited Petitioner in prison in

7  1988 and discussed the robbery.  RT 419-420.  She further testified that Petitioner told her he

8  was going to prison because "they had robbed Tommy's Liquor in Bakersfield and tried to steal a

9  car."  RT 420.

10      In addition to this evidence, Petitioner took the stand and testified that he pled guilty to

11  the robbery charge in 1988.  See Blackridge v. Allison, 431 U.S. 63, 73-74 (1977) ("Solemn

12  declarations in open court carry a strong presumption of verity.").

13      In light of this evidence, Petitioner's argument that the evidence was insufficient to prove

14  his 1988 robbery conviction is meritless.  A rational trier of fact could have found, beyond a

15  reasonable doubt, that Petitioner suffered the 1988 robbery conviction.  The state courts'

16  determination of this issue was not contrary to, or an unreasonable application of, clearly

17  established Supreme Court precedent.

18  E.    Ineffective Assistance of Counsel

19      Petitioner contends that his trial counsel was ineffective for advising him to admit the

20  1988 prior conviction where there was insufficient evidence to prove his prior.

21      Given the Court's above findings, this argument is without merit.  First, the Court has

22  determined that there was sufficient evidence to prove Petitioner's 1988 prior beyond a

23  reasonable doubt, making any argument by counsel to the contrary likely fruitless.  See Shah v.

24  United States, 878 F.2d 1156, 1162 (9th Cir. 1989).  Second, counsel's decision to forego the

25  sufficiency of the evidence claim in favor of the Romero claim was a reasonable tactical

26  decision.  Counsel could have reasonably concluded that the evidence was likely sufficient to

27  prove the 1988 prior and that a challenge based on the validity of the plea may have been more

28  successful.  By having Petitioner admit the prior, counsel was able to elicit the details of the prior

9

1   in support of his argument that the plea was invalid.  United States v. Mayo, 646 F.2d 369, 375

2   (9th Cir. 1981) (difference in opinion as to trial tactics does not constitute denial of effective

3   assistance).  The state courts' determination of this issue was not contrary to, or an unreasonable

4   application of, clearly established Supreme Court precedent.

5   F.      Trial Court Error Based on Failure to Inquire Into Validity of Prior Convictions

6          Petitioner argues that the trial court erred by failing to confirm Petitioner's waiver of his

7   right to a jury trial, right to confrontation and right against self-incrimination during his guilty

8   pleas in his 1990 and 1994 convictions.  He further argues that his 1990 and 1994 pleas were

9   invalid and therefore could not be used to enhance his current sentence.

10         In Lackawanna County District Attorney v. Coss, 532 U.S. 394 (2001), the United States

11   Supreme Court addressed whether: (1) 28 U.S.C. § 2254 provides a remedy when a current

12   sentence was enhanced based on an allegedly unconstitutional prior conviction for which the

13   sentence has expired; and (2) the extent to which the prior expired conviction may be challenged

14   in attack on the current sentence which it was used to enhance.  Pointing to its prior decision

15   Daniels v. United States, 532 U.S. 374 (2001), the Court explained:

16         We held there [Daniels] that "[i]f . . . a prior conviction used to enhance a federal
           sentence is no longer open to direct or collateral attack in its own right because the
17         defendant failed to pursue those remedies while they were available (or because
           the defendant did so unsuccessfully), then that defendant may not collaterally
18         attack his prior conviction through a motion under § 2255."  Ante, at 8.  We now
           extend this holding to cover § 2254 petitions directed at enhanced state sentences.
19         Lackawanna, 532 U.S. at 402.

20         The Court reiterated its holding that "once a state conviction is no longer open to direct or

21   collateral attack in its own right because the defendant failed to pursue those remedies while they

22   were available (or because the defendant did so unsuccessfully), the conviction may be regarded

23   as conclusively valid. . . . If that conviction is later used to enhance a criminal sentence, the

24   defendant generally may not challenge the enhanced sentence through a petition under § 2254 on

25   the ground that the prior conviction was unconstitutionally obtained."  Lackawanna, 532 U.S.

26   394 at 403-404.

27         Therefore, because Petitioner's 1990 and 1994 convictions are no longer open to direct or

28   collateral attacks, Petitioner may not use the instant section 2254 habeas petition as an indirect

1   challenge.  To the extent Petitioner claims that the trial court erred in not delving into the

2   constitutionality of the prior conviction, where there was no challenge thereto, his claim fails as

3   the trial court has no such duty.  The state courts' determination of this issue was not contrary to,

4   or an unreasonable application of, clearly established Supreme Court precedent.

5   G.      Trial Court Error Based on Allowing Prosecution to Amend Information

6   _____Next, Petitioner contends that the trial court acted in excess of its jurisdiction by allowing

7   the prosecution to amend the information after the jury was dismissed.

8   Petitioner waived his right to a jury trial on the prior convictions on October 29, 2001.

9   CT 81.  On November 1, 2001, after the jury trial on the substantive offenses, the prosecutor

10  moved to amend one of the dates charged on a prior offense.  RT 416-417.  The charging

11  document originally alleged that Petitioner suffered a prior conviction for a violation of

12  California Health and Safety Code section 11350 on May 4, 1994.  CT 60, RT 416-417.  The

13  prosecutor moved to amend the date to April 8, 1994.  RT 417.  Counsel objected to the

14  amendment as late, but the trial court allowed it.  RT 417.  Petitioner argues that he did not waive

15  or forfeit his right to have the jury determine the truth of the 1994 prior conviction.

16  Even assuming that Petitioner's allegation rises to the level of a federal claim, his claim

17  fails.  See eg., Scott v. Pliler, 2002 WL 1034075 (N.D. 2002).  Petitioner is correct that, pursuant

18  to California Penal Code section 1025(b), a prior conviction must be tried by the same jury that

19  tried the issue of guilt.  However, this section also provides that the court will try the prior

20  conviction if the defendant waives the jury.  Here, Petitioner *waived* a jury trial on the truth of his

21  prior convictions.  CT 81.  While the prosecution's amendment occurred after Petitioner's

22  waiver, the amendment does not invalidate the waiver, especially where the amendment merely

23  changed the date of the previously alleged 1994 prior conviction.  Petitioner has failed to

24  demonstrate that the state courts' determination of the issue was contrary to, or an unreasonable

25  application of, clearly established Supreme Court precedent.

26  H.      Evidentiary Error

27  _____Petitioner argues that the trial court abused its discretion by allowing the prosecution to

28  present the inadmissible hearsay evidence of Sandra Fisher in proving Petitioner's 1988 robbery

11

1  conviction.  Petitioner contends this was prejudicial because the testimony was used to relitigate

2  the circumstances of Petitioner's prior convictions.  He further contends that other than this

3  improper evidence, there was no evidence presented to connect Petitioner to the documents

4  offered in support of the 1988 prior.

5  Again, Petitioner fails to allege a violation of a federal right and only cites California

6  statutes and cases in support of his argument.  He cites only California law in support of his

7  argument that the trier of fact may not look outside the record of conviction in determining the

8  truth of the prior conviction allegation. Generally, the admissibility of evidence is a matter of

9  state law, and is not reviewable in a federal habeas corpus proceeding. Estelle v. McGuire, 502

10  U.S. 62, 68 (1991); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985).  Petitioner

11  therefore fails to state a claim for relief.  28 U.S.C. § 2254(a).

12  To the extent that Petitioner's claim can be construed as a federal claim, his claim fails.

13  Habeas relief for the admission of prejudicial evidence will be granted only if the admission was

14  fundamentally unfair and resulted in a denial of due process. Estelle, 112 S.Ct. at 482; Pulley v.

15  Harris, 465 U.S. 37, 41 (1984); Walters v. Maas, 45 F.3d 1355, 1357 (9thCir. 1995); Jeffries v.

16  Blodgett, 5 F.3d 1180, 1192 (9th Cir. 1993), cert. denied, 510 U.S. 1191, 114 S.Ct. 1294 (1994);

17  Gordon v. Duran, 895 F.2d 610, 613 (9th Cir.1990).  Only if there are no permissible inferences

18  that the jury may draw from the evidence can its admission rise to the level of a due process

19  violation.  Id. at 920.

20  As discussed above, Petitioner's claim involves an issue of state law- the scope of

21  admissible evidence in proving the truth of prior convictions pursuant to California Penal Code

22  section 667.5.  The failure to comply with state rules of evidence alone is neither a necessary nor

23  a sufficient basis for granting federal habeas relief on due process grounds.  Jammal v. Van de

24  Kamp, 926 F.2d 918, 919-920 (9th Cir. 1991).

25  Nor does Petitioner's claim establish a violation of due process.  The testimony in

26  question was relevant to establish that he suffered a robbery conviction and had served a prison

27  term for it.  This connection was a permissible inference to make from the testimony and

28  therefore does not rise to the level of a due process violation.  The state courts' determination of

12

1   this issue was not contrary to, or an unreasonable application of, clearly established Supreme

2   Court precedent.

3   I.      Section 969b Evidence

4           Finally, Petitioner argues that the trial court abused its discretion by permitting the

5   prosecution to offer certain documentation into evidence to prove the prior conviction

6   allegations.  Petitioner points to the admission of an uncertified California Penal Code section

7   969b packet in support of his argument, and alleges that the prosecution failed to establish

8   foundational requirements for admission under section 969b.  He contends that admission was

9   improper because there was no testimony regarding how the records were prepared.

10          Again, Petitioner claim is based on state law and he does not allege a violation of federal

11  law.  Assuming Petitioner states a cognizable claim, his claim fails.  He alleges that the trial court

12  committed error when it allowed certain evidence in violation of section 969b, which designates

13  the procedure to be used in allowing documentary evidence.  This issue, however, is one of state

14  law, and as explained above, is not reviewable in a federal habeas corpus proceeding. Estelle,

15  502 U.S. at 68.

16          In any event, the failure to comply with state rules of evidence alone is neither a necessary

17  nor a sufficient basis for granting federal habeas relief on due process grounds.  Jammal v. Van

18  de Kamp, 926 F.2d 918, 919-920 (9th Cir. 1991).  Moreover, the trial court listened to

19  Petitioner's objections to People's exhibits 9, 10, 11, 12 and 13, as uncertified, but decided to

20  admit the documents.  RT 431.  This decision was an interpretation of state law and Petitioner

21  does not provide any evidence to suggest a violation of federal law.  A federal habeas court has

22  no basis for disputing a state's interpretation of its own law.  Clemons v. Mississippi, 494 U.S.

23  738, 739-40 (1990).

24          The state courts' determination of this issue was not contrary to, or an unreasonable

25  application of, clearly established Supreme Court precedent.

26

27

28

1

<u>RECOMMENDATION</u>

2       Accordingly, the Court RECOMMENDS that the amended petition for writ of habeas

3   corpus be DENIED.

4       This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii

5   pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of

6   Practice for the United States District Court, Eastern District of California.  Within thirty (30)

7   days after being served with a copy of this Findings and Recommendation, any party may file

8   written objections with the Court and serve a copy on all parties.  Such a document should be

9   captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the

10  Objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail)

11  after service of the Objections.  The Court will then review the Magistrate Judge's ruling

12  pursuant to 28 U.S.C. § 636 (b)(1)(c).  The parties are advised that failure to file objections

13  within the specified time may waive the right to appeal the Order of the District Court.  <u>Martinez</u>

14  <u>v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

15      IT IS SO ORDERED.

16  **Dated:   January 6, 2006**                    ____**/s/ Dennis L. Beck**____

17  3b142a                                          UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28